**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHAPTERHOUSE, LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>SHOPIFY, INC.,<br><br>                Defendants. | Civil Action No. 2:18-cv-00300 |

**DEFENDANT SHOPIFY, INC.'S MOTION TO DISMISS**

## I.    INTRODUCTION

Chapterhouse, LLC ("Chapterhouse") alleges that Shopify, Inc. ("Shopify") infringes four patents-in-suit relating to ordinary ecommerce transactions, "either directly or through the acts of contributory infringement or inducement." Chapterhouse's allegations suffer from two flaws, which together warrant dismissal of Chapterhouse's complaint in its entirety.

First, for direct infringement, Chapterhouse attempts to cobble together plausible claims by cutting and pasting screenshots from various websites (including third-party application developers and unaffiliated screenshot-sharing websites). The problem with this approach is that it is not apparent why Chapterhouse believes certain screenshots correspond to certain claim elements and in some instances, the screenshots are inconsistent with Chapterhouse's own infringement assertions. As a result, Shopify is at a loss to understand the factual basis for Chapterhouse's claims for direct infringement.

Second, for indirect infringement, Chapterhouse alleges that Shopify infringes the four patents-in-suit "through the acts of contributory infringement or inducement." Chapterhouse's complaint does not include *any* factual allegations to support these assertions. There are no facts pled at all that relate to the required elements of contributory infringement or induced infringement in Chapterhouse's complaint.

These basic deficiencies in Chapterhouse's complaint put it well below the pleading standard set forth in *Twombly* and *Iqbal*. In view of these deficiencies, Shopify respectfully requests that Chapterhouse's claims for direct, contributory, and induced infringement all be dismissed.

## II.   STATEMENT OF THE ISSUES

1. Do Chapterhouse's allegations of direct infringement—which do not explain how screenshots from a variety of sources purportedly show one or more asserted claim elements are present in the accused systems—fail to state a plausible claim

1

      for relief?

2.     Do Chapterhouse's allegations of contributory infringement—which do not include any factual support or allegations that: a) Shopify knew that components it sold or offered to sell were especially made or adapted for an infringing use; b) the accused Shopify components have no substantial non-infringing use; or c) the accused Shopify components are a material part of the patented invention—fail to state a plausible claim for relief?

3.     Do Chapterhouse's allegations of induced infringement—which do not include any factual support or allegations that Shopify specifically intended for any third parties to infringe the asserted patents, or that Shopify knew that third party acts constituted infringement—fail to state a plausible claim for relief?

### III.   LEGAL STANDARD

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). The "mere possibility of misconduct" is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*"). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 546. A complaint is "insufficient if it offers only 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550 U.S. at 555). The "key to patent infringement is not just identifying [] products, but identifying how those products allegedly infringe the Asserted Patent claims." *See VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016). In order to satisfy the pleading requirements of *Twombly* and *Iqbal*, a complaint must "provid[e] facts sufficient to create a plausible inference that each

2

element of the claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim" (quotation marks omitted) (alteration omitted).

Claims for contributory infringement require plausible allegations that: 1) there is an act of direct infringement; 2) components supplied by defendant are "material to practicing the invention"; 3) components supplied by defendant have "no substantial non-infringing uses"; and 4) defendant "knows [its] product[s] [are] especially made or adapted for an infringing use." *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, 2013 WL 12062263, at *1 (E.D. Tex. Sept. 27, 2013) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)).

To survive dismissal, a complaint including a claim for induced infringement must: "1) adequately plead direct infringement by defendant's customers; 2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement." *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339).

IV.     ARGUMENT

   A.     **Chapterhouse Fails to Support Its Direct Infringement Allegations with Facts Sufficient to Make Them Plausible.**

Chapterhouse alleges direct infringement of U.S. Patent Nos. 7,552,087 (the "'087 patent"),[1] 7,742,989 (the "'989 patent"),[2] 8,112,356 (the "'356 patent"),[3] and 8,606,698 (the "'698 patent"),[4] which all suffer from the same flaw: Chapterhouse purports to provide various "examples" of how the accused Shopify system embodies various claim elements, but the "examples" are just screenshots from various sources, which in many instances Chapterhouse does not link to the claim element they purportedly illustrate. *See, e.g.*, Compl. ¶¶ 14, 16, 17, 18, 28, 29, 41, 45, 46, 60, 61, ECF No. 1. As a result, Chapterhouse has not set forth a plausible direct infringement theory and dismissal is appropriate.

   1.     **Chapterhouse's Infringement Allegations Relating to the '087 Patent Are Not Plausible.**

Chapterhouse's direct infringement allegations relating to the '087 patent are not supported by facts sufficient to make them plausible. Specific factual allegations supporting infringement claims are required under *Twombly* and *Iqbal*, because without them, the court and defendant cannot test whether infringement is plausible. Once facts are pled, the plausibility of infringement is tested against those facts, which may be insufficient to make infringement plausible. *See Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 778 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) (dismissing claim for direct infringement with prejudice where plaintiff's "detailed description of

---

[1] ECF No. 1-1.
[2] ECF No. 1-2.
[3] ECF No. 1-3.
[4] ECF No. 1-4.

4

how the [accused] Network Products function" made it implausible that another element of the asserted claim was embodied by the accused products). Here, Chapterhouse's factual allegations relating to the '087 patent are deficient for two separate reasons:

First, claim 1 requires a database for storing a plurality of sales transactions "wherein *each* of the plurality of sales transactions includes an *identity* of one of the plurality of buyers[.]" '087 patent at 14:26-27 (emphases added). Chapterhouse asserts that the accused Shopify system embodies this claim limitation and then provides "an example [] illustrated below," which consists of six separate screenshots, without further explanation. Compl. ¶ 15. Nothing in these screenshots indicates how the claim requirement of *each* sales transaction including the identity of a buyer is met. In fact, the fifth screenshot cited by Chapterhouse indicates that an "order might not have a customer and apps should not depend on the existence of a customer object. ***This value might be null if the order was created through the Shopify POS***:"

| customer | `"customer": {`<br>`  "accepts_marketing": false,`<br>`  "created_at": "2012-03-13T16:09:55-04:00",`<br>`  "email": "bob.norman@hostmail.com",`<br>`  "phone": "+13125551212",`<br>`  "first_name": "Bob",`<br>`  "id": 207119551,`<br>`  "last_name": "Norman",`<br>`  "note": null,`<br>`  "orders_count": "0",`<br>`  "state": null,`<br>`  "total_spent": "0.00",`<br>`  "updated_at": "2012-03-13T16:09:55-04:00",`<br>`  "tags": "loyal"`<br>`}`<br>Information about the customer. ==The order might not have a customer and apps should not depend on the existence of a `customer` object. This value might be `null` if the order was created through Shopify POS.== For more information about the `customer` object, see the Customer resource. |
|---|---|

Compl. ¶ 15 (emphasis and highlighting added).

The Shopify point of sale ("POS") is the system that Chapterhouse accuses of infringement, but Chapterhouse's own allegations indicate that this system may not generate a sales transaction that includes the buyer's identity. Indeed, the next screenshot cited by Chapterhouse further confirms that some sales transactions will ***not*** include the buyer's identity. As shown below, the last three order numbers do not have any customer, i.e., buyer, identity listed:



Compl. ¶ 15 (annotation added).

Thus, the screenshots Chapterhouse points to are inconsistent with its own infringement allegations, as they collectively illustrate that each sales transaction does ***not*** include an identity of one of the plurality of buyers as claim 1 of the '087 patent requires. Chapterhouse offers no explanation of the information contained in these screenshots, let alone an explanation of how the inconsistency between its factual allegations and its infringement assertions can be resolved.

Second, claim 1 requires "generating de-identified data from ***each of the electronic***

6

*receipts*[.]" '087 patent at 14:35-36 (emphasis added). Chapterhouse appears to be claiming that this claim element is met because Shopify's system can generate sales reports. Compl. ¶ 18. But even if the sales reports constitute the claimed "de-identified data" (Chapterhouse does not expressly make this allegation), Chapterhouse's allegations do not include any facts that make it plausible these reports are generated from each of the electronic receipts as claim 1 of the '087 patent requires. Nothing in the screenshot included in paragraph 18 suggests the source of the information in the sales reports and, once again, Chapterhouse offers no explanation of the screenshot beyond the legal conclusion that the claim element is present.

In sum, Chapterhouse has failed to plead facts sufficient to make its direct infringement allegations relating to claim 1 of the '087 patent plausible. Chapterhouse does not explain how the screenshots it provides support its allegations that the accused Shopify systems embody certain claim element and, if anything, Chapterhouse's factual allegations are inconsistent with its infringement conclusions. Therefore, its claims for direct infringement of the '087 patent should be dismissed. *See Ruby Sands, LLC v. Am. Nat'l Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (dismissing directing infringement claims where plaintiff's "direct infringement pleadings are constructed upon a fatally flawed foundation").

      **2.**      **Chapterhouse's Infringement Allegations Relating to the '989 Patent Are Not Plausible.**

Claim 1 of the '989 patent requires, *inter alia*, "a device for collecting selected product information *directly* from a selected product. . . ." '989 patent at 20:11-12. The specification of the '989 patent describes this device as a scanner that collects information electronically from a product label or tag. For example, the '989 patent states that "[p]roduct information is directly collected electronically from the product having a label or tag that can be scanned." *Id.* at 1:66-

67. And the '989 patent further specifies that the device can be an optical scanner or an RFID device. *Id.* at 15:37-65.

In its complaint, Chapterhouse appears to identify "a server" as the claimed device, and then parroting the language of claim 1, alleges that it "collect[s] selected product information directly from a selected product[.]" Compl. ¶ 28. In support of this assertion, Chapterhouse includes two screenshots, one from a third-party website called "browserspy.dk" that purports to list the web server hosting Shopify's website, and one which appears to be an excerpt from documentation for developers who want to create applications that interact with Shopify. *Id.* But even if Chapterhouse's allegation that the Shopify server is the claimed "device" is accepted at the motion to dismiss stage, nothing in the two "example" screenshots suggests that the server collects selected product information *directly* from the product as the claim requires.

Indeed, the screenshots do not indicate whether the server itself actually collects information, or whether it just receives and stores information relating to sales transactions. But even if the server can be said to "collect" information, there are no factual allegations in Chapterhouse's complaint that make it plausible that this information is collected *directly* from the product. Chapterhouse provides no explanation at all as to how these screenshots purportedly illustrate that this claim limitation is met, and so Shopify is again in the dark as to what Chapterhouse's infringement theory is. Shopify therefore cannot test the plausibility of Chapterhouse's infringement allegation and dismissal is appropriate. *Cf. Atlas IP, LLC*, 189 F. Supp. 3d at 778.

### 3. Chapterhouse's Infringement Allegations Relating to the '356 Patent Are Not Plausible.

Chapterhouse fails to state a plausible claim for infringement of the '356 patent because it does not identify a single entity that sells, offers to sell, or uses the system relating to identified

claim 1.  Direct infringement under § 271(a) occurs where the infringing acts are "performed by or attributable to a single entity."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc).

Chapterhouse's infringement allegations for the '356 patent are premised on integrating an application called "Spently" with the Shopify system.  Compl. ¶¶ 44-47.  The screenshots relied on by Chapterhouse confirm that Spently is a third-party application, developed and sold by Spently, not Shopify:




Compl. ¶ 44 (highlighting added).

The problem for Chapterhouse is that this means that Shopify is not providing one component of the claimed system and thus, Chapterhouse has not stated a plausible claim for direct infringement under a single entity theory.  Shopify on its own does not make, sell, or offer for sale the entire claimed system.  35 U.S.C. §271(a).  And to base infringement on the "use" of a system that "includes elements in the possession of more than one actor," one party must "put

9

the invention into service, *i.e.*, control the system as a whole and obtain benefit from it."

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1283-84 (Fed. Cir. 2011). Chapterhouse's complaint does not contain any factual allegations relating to the control Shopify exerts over the entire system when the Spently application is being used.

While Chapterhouse's complaint does not specify whether it is pursuing direct infringement on a single or joint entity theory, Chapterhouse's direct infringement allegations are not plausible under a joint infringement theory either, because the complaint again does not contain any supporting factual allegations, or allegations at all. As the Federal Circuit has held:

> To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement. This court has held that an entity will be responsible for others' performance of method steps in two circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.

*Lyda v. CBS Corp.*, 838 F.3d 1331, 1338-39 (Fed. Cir. 2016) (internal quotation marks omitted) (citation omitted). Here, Chapterhouse has not alleged that Shopify directs or controls Spently's performance or that it is in a joint enterprise with Spently. Dismissal is therefore appropriate. *See id.* at 1340 (affirming dismissal of joint infringement allegations under *Twombly/Iqbal* where allegations of "direction and control" of third party by defendant were not supported by sufficient facts[5]).

---

[5] In *Lyda*, the Federal Circuit recognized that its "cases have applied joint infringement to method claims and not system claims." *Id.* at 1339. The Court cited *Centillion* and noted that system claims are analyzed under a "different framework." *Id*. However, *Lyda* involved system claims with method steps and thus treated them as method claims for the purposes of the direct infringement analysis. The same is true of claim 1 of the '356 patent and therefore, the appropriate legal framework is that articulated by *Lyda* and *Akamai*.

### 4. Chapterhouse's Infringement Allegations Relating to the '698 Patent Are Not Plausible.

Chapterhouse's infringement allegations relating to claim 1 of the '698 patent also fail to satisfy the plausibility requirements of *Twombly* and *Iqbal* because the screenshots cited by Chapterhouse again fail to show how, and Chapterhouse does not explain why, at least two claim limitations are purportedly embodied by the accused Shopify system.

First, claim 1 requires a device for "receiving from a particular seller . . . a transaction receipt associated with a transaction. . . ." '698 patent at 14:14-17.  In support of this assertion, Chapterhouse refers to three screenshots:  a) one from a third-party website called "browserspy.dk" that purports to list the web server hosting Shopify's website; b) one from the Orders page that lists various transactions; and c) one which appears to be an excerpt from documentation for developers who want to create applications that interact with Shopify. Compl. ¶ 58.  As with its other allegations, Chapterhouse does not explain these screenshots, and so it is unclear what it alleges constitutes the claimed "receipt."  Moreover, there is no information suggesting that any of the information in any of the screenshots—to the extent it could be viewed as a claimed "transaction receipt"—is sent by the seller to a Shopify server (which is what Chapterhouse appears to assert is the claimed "device" that receives receipts from the seller).  *Id.*

Second, claim 1 of the '698 patent requires the step of "receiving a request from a requester to transmit a *selected one* of the plurality of transaction receipts[.]" '698 patent at 14:21-22 (emphasis added).  Chapterhouse again includes various screenshots, but does not explain who the claimed "requester" is, what the claimed "request . . . to transmit" corresponds to, or how any of the cited screenshots show that the request is specific to a selected one of the plurality of transaction receipts as the claim requires.  Compl. ¶ 60.

11

These deficiencies again render Chapterhouse's infringement allegations void of sufficient factual support to make them plausible and put Shopify on notice of the claims against it. While Chapterhouse will no doubt argue that it is not obligated to provide detailed infringement contentions at the pleading stage, the fact that this Court's local rules require infringement contentions at a future date is not a substitute for a well-pled complaint. *See Holotouch, Inc. v. Microsoft Corp.*, No. 17 Civ. 8717 (AKH), 2018 WL 2290701, at *3 (S.D.N.Y. May 18, 2018) ("local rules requiring infringement contentions "cannot … abrogate Federal Rules of Civil Procedure or cases of the Supreme Court"); *CG Technology Development, LLC v. DraftKings, Inc.*, No. 2:16-cv-00781-RCJ-VCF, 2016 WL 7190547, at *4 (D. Nev. Dec. 12, 2106) ("The Court rejects Plaintiffs' argument that the requirement of providing infringement contentions element-by-element under the Local Rules permits a more flexible application of Civil Rule 8(a) at the dismissal stage."); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016) ("[A]fter-the-fact disclosures cannot be used to supplement the pleadings and meet the *Iqbal*/*Twombly* standard."). Chapterhouse's direct infringement allegations for all four of the patents-in-suit fall below the standard set forth by *Twombly* and *Iqbal* and should therefore be dismissed in their entirety.

### B. Chapterhouse Fails to Allege Any Factual Basis for Its Claims of Indirect Infringement.

Chapterhouse's indirect infringement allegations should also be dismissed in their entirety, because Chapterhouse offers no factual basis for its assertions that Shopify infringes the patents-in-suit indirectly "through the acts of contributory infringement or inducement." Beyond this legal conclusion, which Chapterhouse recites verbatim for each patent-in-suit, the complaint does not contain ***any*** facts or allegations directed to the required elements of contributory or induced infringement at all.

### 1. Chapterhouse Fails to State a Plausible Claim for Contributory Infringement.

Chapterhouse's allegations of contributory infringement should be dismissed because Chapterhouse fails to plead facts that support a plausible claim for direct infringement by anyone. *See Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539-40 (E.D. Tex. 2010) (dismissing indirect infringement claims where plaintiff filed to identify a direct infringer). But Chapterhouse's contributory infringement claims should also be dismissed because its complaint contains ***no allegations or facts at all*** demonstrating that: 1) the accused components (whatever they are) are material to practicing the claimed inventions; 2) the accused components have no substantial non-infringing uses; or 3) Shopify knows the accused components are especially made or adapted for an infringing use. As such, Chapterhouse has failed to plead the requisite elements of a claim for contributory infringement and its claims should be dismissed. *See Blue Spike, LLC*, 2013 WL 12062263, at *1.

### 2. Chapterhouse Fails to State a Plausible Claim for Induced Infringement.

Like Chapterhouse's allegations of contributory infringement, Chapterhouse's allegations of induced infringement should be dismissed because Chapterhouse fails to plead facts that support a plausible claim for direct infringement by anyone, let alone a third party. But Chapterhouse's induced infringement claims should also be dismissed because Chapterhouse again completely fails to plead the requisite elements. Specifically, Chapterhouse's complaint contains ***no allegations or facts at all*** relating to whether Shopify specifically intended for any third parties to infringe the asserted patents or knew that any third party acts constituted infringement. Therefore, these claims should be dismissed too. *See Core Wireless Licensing S.A.R.L.*, 2015 WL 4910427, at *3.

## V. CONCLUSION

At best, Chapterhouse's complaint contains insufficient facts to make its direct infringement allegations plausible. At worst, the pleading includes facts that are inconsistent with its direct infringement allegations and no facts at all to support Chapterhouse's indirect infringement allegations. As a result, Shopify is not on notice of the factual bases for any of Chapterhouse's infringement claims and, therefore, Shopify respectfully requests that Chapterhouse's complaint be dismissed in its entirety.

Dated: September 28, 2018                    Respectfully Submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, L.L.P.**
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Adam R. Brausa (Admitted *Pro Hac Vice*)
Laura E. Miller (CA SBN 271713)
Raghav Krishnapriyan (Admitted *Pro Hac Vice*)
Catherine E. Kim (CA SBN 308442)
**DURIE TANGRI LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:    415-362-6666
Facsimile:    415-236-6300
Email: abrausa@durietangri.com
          lmiller@durietangri.com
          rkrishnapriyan@durietangri.com
          ckim@durietangri.com

*Attorneys for Defendants*
*Shopify, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 28, 2018.

/s/ Melissa R. Smith