**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHAPTERHOUSE, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §   CIVIL ACTION NO.  2:18-CV-00300-JRG |
| | § |
| SHOPIFY, INC., | § |
| | § |
| *Defendant*. | § |

## ORDER GRANTING MOTION TO DISMISS

On July 20, 2018, Chapterhouse, LLC ("Plaintiff" or "Chapterhouse") brought suit against Shopify, Inc. ("Defendant" or "Shopify"), alleging infringement of United States Patent Nos. 7,552,087 ("the '087 Patent"), 7,742,989 ("the '989 Patent"), 8,112,356 ("the '356 Patent"), and 8,606,689 ("the '689 Patent"). (Dkt. No. 1.)

On September 28, 2018, Defendant filed the instant Motion to Dismiss ("the Motion") under Federal Rule of Civil Procedure 12(b)(6) for failure to adequately plead direct, indirect, and contributory patent infringement as to each asserted patent. (Dkt. No. 16.) For the following reasons, the Motion to Dismiss is **GRANTED**, for the reasons and to the extent set forth herein.

### I.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not "provide its case at the pleading stage," nor do the "Federal Rules of Civil Procedure . . . require a plaintiff to plead facts

establishing that each element of an asserted claim is met." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331, 1335 (Fed. Cir. 2012). Instead, the Complaint must "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## II. DISCUSSION

### A. Plaintiff Failed to Adequately Plead Direct Infringement

Defendant argues that Plaintiff's allegations of direct infringement of U.S. Patent Nos. 7,552,087 ("the '087 Patent"), 7,742,989 ("the '989 Patent"), 8,112,356 ("the '356 Patent"), and 8,606,698 ("the '698 Patent") "all suffer from the same flaw: [Plaintiff] purports to provide various 'examples' of how the accused Shopify system embodies various claim elements, but the 'examples' are just screenshots from various sources, which in many instances Chapterhouse does not link to the claim element they purportedly illustrate." (Dkt. No. 16 at 4 (citing Complaint, Dkt. No. 1 ¶¶ 14, 16–18, 28–29, 41, 45–46, 60–61).)

Plaintiff responds that, "[a]s the Federal Circuit has now made clear in Disc Disease, it is sufficient for a complaint to satisfy the plausibility standard of *Iqbal/Twombly*, when the complaint specifically identified products alleged to infringe and that the alleged products 'meet each and every element of at least one claim of the [asserted] Patent.'" (Dkt. No. 20 at 4–5 (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).)

In *Disc Disease*, the relevant portion of the complaint states:

13. Without a license or permission from DDS, Defendants have infringed and continue to infringe one or more claims of the '113 Patent, directly, contributorily, through equivalents, and/or by inducement.

14. The infringing acts include, but are not limited to, using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and/or causing to be sold, products, including an inflatable belt for use with support panels and marketed as the "DBB 3500", that infringe at least one claim of the '113 Patent in this judicial district and elsewhere within the United States.

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, Case No. 1:15-cv-188 (M.D.Ga. Nov. 30, 2018) (Dkt. No. 1). The Federal Circuit found that these allegations of infringement, standing on their own, were "sufficient under the plausibility standard of *Iqbal/Twombly*" because the '113 Patent, which covers a spinal brace with a flexible air injectable band, "involved a simple technology" with "only [three] independent claims" and "specifically identified the three accused products." *Disc Disease*, 888 F.3d at 1260.

The Court finds *Disc Disease* to be inapposite. Contrary to the relatively simple patents of *Disc Disease*, the four patents and 13 independent claims here cover the hardware and software involved in an electronic transaction receipt system that allows digital receipts to be generated from information electronically read from the product and provides additional purchase opportunities to customers. Accordingly, the Court finds that there are both more claims and more complicated patents than those at issue in *Disc Disease*.

3

Further, despite the more complicated claims and technology, the Complaint does not contain materially more than the bare bones allegations in *Disc Disease*. To its credit, Plaintiff does provide an exemplary claim for each patent. Plaintiff then breaks the exemplary claim into individual elements with "supporting" screenshots. For example, the preamble of Claim 1 of the '087 Patent states "A system for generating de-identified electronic receipts, comprising." (Complaint, Dkt. No. 1 ¶ 13.) The Complaint then alleges "14. The Shopify System is a system for generating de-identified electronic receipts. *See, e.g.*, **Server Information**; and **Sales Reports**. An example is illustrated below," (*Id.* ¶ 14,) followed by two screenshots. Such a statement, on its own, is a mere conclusory statement, and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations. There are none here.

The Court disagrees with Plaintiff that the screenshots themselves constitute the requisite factual allegations. While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met. Accordingly, as to direct infringement of the '087, '989, '356, and '698 Patents, the Court **GRANTS** the Motion.

### B. Plaintiff Failed to Adequately Plead Infringement of the '356 Patent

Claim 1 of the '356 Patent recites

1. A system for providing an automated secondary purchase opportunity to a user, comprising:

> a. a database for storing a plurality of primary sales transactions between a plurality of buyers and a plurality of sellers;

b. an electronic receipt generator for:

> i. generating an electronic receipt for a selected one of the plurality of primary sales transactions associated with the user, wherein the electronic receipt comprises data describing the selected primary

> sales transaction, and the electronic receipt further includes a hyperlink associated with an inducement for a secondary purchase, the secondary purchase being commercially related to the selected primary sales transaction;
>
> ii. transmitting the electronic receipt to a computing device operated by the user;
>
> iii. receiving from the computer device a signal that the user has activated the hyperlink within the electronic receipt; and
>
> iv. in response to the activation of the hyperlink, initiating a sales transaction relating to the secondary purchase.

'356 Patent at 20:1–23. Plaintiff's Complaint asserts that "the integrated Spently app" may be used to perform the claim elements b(i)–(iv). (*See* Complaint, Dkt. No. 1 ¶¶ 44–47.)

Defendant argues that "Chapterhouse fails to state a plausible claim for infringement of the '356 patent because it does not identify a single entity that sells, offers to sell, or uses the system relating to identified claim 1." (Dkt. No. 16 at 8–9.) Specifically, Defendant argues that Plaintiff's "infringement allegations for the '356 patent are premised on integrating an application called 'Spently' with the Shopify system." (*Id.* at 9 (citing Complaint, Dkt. No. 1 ¶¶ 44–47).) Accordingly, Defendant argues that its Shopify system "is not providing one component of the claimed system and thus, Chapterhouse has not stated a plausible claim for direct infringement under a single entity theory." (*Id.*) Further, Defendant argues that the Complaint "does not contain any factual allegations relating to the control Shopify exerts over the entire system when the Spently application is being used," and that Plaintiff has therefore failed to show that Defendant "control[s] the system as a whole and obtain[s] benefit from it." (*Id.* at 10 (quoting *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1283–84 (Fed. Cir. 2011)).)

Plaintiff responds that its statement identifying that "Defendant sells, offers to sell, and/or uses the System, known as Shopify POS, and any similar products, which infringe at least Claim 1 of the '356 Patent" is sufficient to meet its burden under *Iqbal* and *Twombly*. (Dkt. No. 20 at 9.)

"Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id.* An entity is responsible for others' "performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.*

The Court finds that the Complaint failed to adequately assert direct infringement of the '356 Patent. While the Complaint asserts that the Spently app is "integrated" into the Shopify POS, there is no assertion that Defendant owns or controls the Spently app; nor is there any assertion that Defendant directs, controls, or has any other relationship with the unknown owner of the Spently app. Plaintiff's generic and conclusory statement regarding Defendant's use of the broader Shopify POS system aside, there is no allegation that one entity performs every step of Claim 1 of the '356 Patent.

Accordingly, the Court **GRANTS** the Motion as to the '356 Patent.

### C. <u>Plaintiff Failed to Adequately Plead Indirect Infringement</u>

Defendant argues that Plaintiff "offers no factual basis for its assertions that Shopify infringes the patents-in-suit indirectly "through the acts of contributory infringement or inducement." (Dkt. No. 16 at 12.) "Beyond this legal conclusion, which Chapterhouse recites verbatim for each patent-in-suit, the complaint does not contain *any* facts or allegations directed to the required elements of contributory or induced infringement at all." (*Id.*)

Plaintiff responds that its hyperlinked references contained in paragraph 7 describe how to use the Shopify system and describe its benefits. Plaintiff further asserts that it surpassed the permitted pleadings in *Disc Disease*, which stated "Defendants contributed to and induced

6

infringement of the '113 Patent by supplying infringing products to customers. Defendants' customers who purchased products and/or used products in accordance with Defendant's instructions directly infringe one or more claims of the '113 Patent." *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, Civil Action No. 1:15-cv-188 (M.D. Ga. Nov. 30, 2015) (Dkt. No. 1).

The Court agrees that it is not a high bar to plead indirect infringement, but that bar has not been met here. At no point in the Complaint does the word "customer" appear. As many Courts have noted, parsing a Complaint is not meant to be a snark hunt; the Complaint is meant to put the Defendant on notice of the allegations against them. By failing to include even general allegations stating how Shopify indirectly infringes or how some other party, such as a customer, directly infringes at the behest of Shopify, Plaintiff has failed to provide adequate notice. Accordingly, the Court **GRANTS** the Motion as to indirect infringement.

### III. CONCLUSION

The Court finds that Plaintiff failed to adequately plead both direct and indirect infringement; accordingly, the Court **GRANTS** the Motion and as a result **DISMISSES** the Original Complaint **WITHOUT PREJUDICE**. Having ordered dismissal without prejudice, the Court **GRANTS** leave for Plaintiff to file an amended complaint within 14 days hereof. Failure of Plaintiff to file an amended complaint within the next 14 days shall be construed by the Court as an election by Plaintiff not to re-urge its complaint in this case, and in such event the Clerk shall close this case. Further, the Court **DENIES** all remaining outstanding motions as moot. Should the Plaintiff replead via its first amended complaint within the next 14 days, then the Parties are hereby **ORDERED** to refile their motions for entry of a docket control order and entry of a discovery order within 14 days of the filing by Plaintiff of its amended complaint.

**So ORDERED and SIGNED this 10th day of December, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE